IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MURRAY GARRETT,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | 8:23CV244<br><br><br>**FINAL PROGRESSION ORDER** |

IT IS ORDERED that the joint motion to amend the final progression order, Filing No. 50, is granted. The final progression order, Filing No. 47, is amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings set for April 8, 2025 is **continued** and will be held with the undersigned magistrate judge on **June 24, 2025** at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is June 17, 2025. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by July 8, 2025.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is June 17, 2025.

4) The deadline for filing motions to dismiss and motions for summary judgment is August 6, 2025.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is July 8, 2025.

6) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

9) All other deadlines in the prior case progression orders remain unchanged.

Dated this 14th day of March, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge